IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUCINDA PORTER,<br>　　　　*Plaintiff,*<br><br>　　v.<br><br>DRIVEWAY FINANCE CORPORATION,<br>　　　　***Defendant.*** | Civil No. 25-4550 |

**MEMORANDUM**

COSTELLO, J.                                                    **February 24, 2026**

Plaintiff Lucinda Porter initiated arbitration proceedings against Defendant Driveway

Finance Corporation ("Driveway") arising from a dispute over the sale of a Jeep Grand

Cherokee.  The arbitrator denied Porter's claims, granted Driveway's counterclaims, and

awarded Driveway $41,940.29.  Porter, proceeding *pro se*, now moves to vacate and stay

enforcement of the arbitrator's award.  For the reasons that follow, the Court will deny Porter's

motions.

**I.      BACKGROUND**

In May 2024, Porter financed the purchase of a used 2020 Jeep Grand Cherokee through

Driveway.com.  ECF No. 2 at 42.  The retail installment contract outlined the rate, vehicle cost,

finance charge, amount financed, total payments, and total sales price.  *Id*.  Under the terms of

the contract, Porter agreed to pay a $650 down payment and make seventy-two monthly

payments in equal amounts, which would have resulted in a total cost of $50,906.16.  *Id*.  The

seller on the contract assigned its interest to Driveway.  *Id*.

Porter took possession of the vehicle on May 17, 2024.  *Id*. at 43.  She refused to sign her

name on the delivery acknowledgement and instead wrote "all rights reserved" based on an

alleged odometer discrepancy between the vehicle's mileage at the time of delivery (74,175 miles) and the mileage documented on the sales documents (76,167 miles). *Id*. at 3, 43. The delivery acknowledgement included a "7-Day Money Back Guarantee." *Id*. at 43. Porter did not take any action to seek a discount or terminate the sale. *Id*. at 46.

After delivery, Porter did not make any payments on the loan and did not attempt to surrender the vehicle. *Id*. at 44. Driveway had the vehicle repossessed in August 2024. *Id*. Porter attempted to make a $3,201.79 payment to avoid repossession, but the payment was declined due to insufficient funds. *Id*. at 44, 47. Nevertheless, she regained possession of the vehicle. *Id*. at 44. Driveway reports that Porter still has the vehicle. ECF No. 8 at 2.

Porter initiated arbitration proceedings against Driveway for breach of contract, recission, fraud, and numerous statutory violations. Driveway filed a motion for summary disposition, which the arbitrator denied. *Id*. at 3. On July 9, 2025, the arbitrator issued a seven-page final award denying Porter's claims and finding that Porter "failed to meet her burden by a preponderance of the evidence to establish any material breach of the Contract or any of the applicable statutes." ECF No. 2 at 45. The arbitrator granted Driveway's counterclaims in the amount of $41,940.29. *Id*. at 48. The final award stated that it was "in full settlement of all claims submitted to this arbitration[,]" and that "[a]ll claims not expressly granted herein are hereby denied." *Id*.

Under the arbitration agreement, Driveway was entitled to reimbursement for arbitration-related fees if the arbitrator found Porter's claims to be frivolous. *Id*. at 37. The arbitrator made a finding that Porter's claims were indeed frivolous, noting that she sought over $600,000 in damages for a vehicle with a total contract value of $50,906.16. *Id*. at 46-47. Porter subsequently filed the instant motions to vacate the arbitration award and stay enforcement.

## II.    LEGAL STANDARD

The Court's review of an arbitration award is "extremely deferential." *Dluhos v. Strasberg*, 321 F.3d 365, 372 (3d Cir. 2003).  There exists a "strong federal policy in favor of commercial arbitration," and a court reviewing an arbitration award "begin[s] with the presumption that the award is enforceable." *Sutter v. Oxford Health Plans LLC*, 675 F.3d 215, 219 (3d Cir. 2012).

Under the Federal Arbitration Act, a court may vacate an arbitration award only upon four narrow grounds:

(1)    where the award was procured by corruption, fraud, or undue means;

(2)    where there was evident partiality or corruption in the arbitrators, or either of them;

(3)    where the arbitrators were guilty of misconduct in . . . refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4)    where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10.  "In sum, when parties agree to resolve their disputes before an arbitrator without involving the courts, the courts will enforce the bargains implicit in such agreements by enforcing arbitration awards absent a reason to doubt the authority or integrity of the arbitral forum." *Sutter*, 675 F.3d at 219.

## III.    DISCUSSION

Porter first argues that this Court should vacate the arbitration award because the arbitrator allegedly engaged in misconduct under § 10(a)(3) by refusing to consider material evidence.  Next, she contends the arbitrator exceeded his powers under § 10(a)(4) by failing to

rule on all claims she presented.  Finally, Porter claims the arbitrator was partial under § 10(a)(2) because of her *pro se* status.  The Court addresses each argument in turn.

### A.    Section 10(a)(3)

Porter argues that the arbitrator committed misconduct by refusing to consider material evidence related to multiple statutory violations, including the Truth in Mileage Act (the "TIMA"), the Truth in Lending Act (the "TILA"), the Fair Debt Collections Practices Act, and the Federal Trade Commission Act.  Specifically, Porter claims the arbitrator did not consider evidence of a discrepancy between the vehicle's mileage at the time of delivery (74,175 miles) and the mileage noted on the sales documents (76,167 miles).  Porter suggests this discrepancy was an intentional misrepresentation by Driveway, in violation of the TIMA.  Porter further claims that the arbitrator did not consider evidence regarding the absence of a "Daily Periodic Rate" in the contract.  Porter contends this evidence established a violation of the TILA.

There is no support for Porter's argument that the arbitrator failed to consider evidence of these alleged violations.  The final award explicitly addressed the odometer discrepancy and found it immaterial.  ECF No. 2 at 45-46.  Among other things, the arbitrator noted that Porter had actual knowledge of the discrepancy at the time of delivery and declined to terminate the sale.  *Id*. at 43, 46.  The arbitrator also noted that Porter failed to show that she was in any way damaged because of the odometer discrepancy.  *Id.* at 46.  The arbitrator further considered evidence regarding the lack of a "Daily Periodic Rate" or formula for interest calculations and concluded that Porter failed to establish a material breach.  *Id*. at 44-45.  Thus, the arbitrator clearly considered the evidence Porter presented.

Next, Porter contends that the arbitrator committed misconduct by failing to account for witness inconsistencies and "fully engage" with the evidence.  *Id*. at 10.  Porter claims that her

4

expectation of a comprehensive review of the evidence was not met because the arbitrator only "made general findings." *Id*. at 9. The fact the arbitrator may have made "general findings" denying her claims does not establish that the arbitrator failed to fully consider the evidence. Porter's real argument seems to be that she thinks the evidence should have resulted in a different outcome. Disagreement with an arbitrator's findings is not sufficient to establish arbitrator misconduct. Because Porter has failed to identify any material evidence the arbitrator refused to consider, there is no basis to vacate the award on this ground.

**B.    Section 10(a)(4)**

Next, Porter contends that the arbitrator exceeded his powers under § 10(a)(4) by failing to rule on all claims she presented. Specifically, the arbitrator stated in his final award that "[a]ll claims not expressly granted herein are hereby denied." ECF No. 2 at 48. Porter suggests that when a *pro se* litigant brings multiple causes of action, an arbitrator's failure to explicitly address each one "constitutes an imperfect execution of their powers." *Id*. at 10. Porter is mistaken.

In *Sabre GLBL, Inc. v. Shan*, the Third Circuit rejected the argument that an arbitrator's failure to specifically address an affirmative defense deprived defendant of a "mutual, final, and definite award" under the statute and the "reasoned award" to which the parties agreed. 779 F. App'x 843, 855 (3d Cir. July 3, 2019). The Court explained that a "reasoned award is something more than a line or two of unexplained conclusions, but something less than full findings of fact and conclusions of law on each issue raised before the panel." *Id*. (quoting *Leeward Constr. Co. v. Am. Univ. of Antigua-Coll. of Med*., 826 F.3d 634, 640 (2d Cir. 2016)). While the award must explain the arbitrator's reasoning on the central issues, it "need not delve into every argument made by the parties." *Id*.

In this case, the arbitrator authored a seven-page final award and found that Porter "failed to meet her burden by a preponderance of the evidence to establish any material breach of the Contract or any of the applicable statutes." ECF No. 2 at 45. The final award stated that it was "in full settlement of all claims submitted to this arbitration[,]" and that "[a]ll claims not expressly granted herein are hereby denied." *Id*. at 48. The final award sufficiently addressed the arbitrator's reasoning on the central issues even if it did not delve into every claim advanced by Porter. Accordingly, vacatur is not warranted under § 10(a)(4).

C.    **Section 10(a)(2)**

Section 10(a)(2) allows a court to vacate an arbitration award "where there was evident partiality . . . in the arbitrators." This standard is met "only if a reasonable person would necessarily conclude that the arbitrator was partial to one side." *Freeman v. Pittsburgh Glass Works, LLC*, 709 F.3d 240, 254 (3d Cir. 2013). "Evident partiality is strong language and requires proof of circumstances powerfully suggestive of bias." *Id*. (quoting *Kaplan v. First Options of Chi., Inc*., 19 F.3d 1503, 1523 n. 30 (3d Cir. 1994)).

Porter points to the arbitrator's conclusions and phrasing in the final award to argue that he was biased against her because of her status as a *pro se* litigant. In particular, the arbitrator noted:

> Whether Claimant simply did not understand the process, received flawed guidance from non-lawyers, or simply attempted to leverage this lawsuit into a business advantage is not for the arbitrator to decide. Notably, [Porter] sought in excess of $600,000 from [Driveway] related to a used vehicle that was sold for approximately $20,000 with an overall contract value of $50,906.16.

ECF No. 2 at 13. Porter claims that this commentary demonstrated a "dismissive tone" toward her. *Id.* The arbitrator also stated that Porter's claims were frivolous "even when giving her the latitude and deference that is provided to *pro se* litigants." *Id*. at 47. Porter claims this comment

6

was a "highly judgmental characterization" of her claims that reflected the unfairness of the proceedings. *Id.*

The language Porter complains of does not suggest the arbitrator was partial. Instead, the arbitrator commented on the evidence, a task he was required to do to resolve the dispute. The arbitrator was also required to decide whether Porter's claims were frivolous. If they were, Driveway could be reimbursed for arbitration-related fees. *Id.* at 37. Rather than expressing partiality, the arbitrator was fulfilling his obligations under the arbitration agreement. Accordingly, the Court declines to vacate the award on grounds of partiality of the arbitrator.

### D. Driveway's Request for Attorney's Fees

Driveway's response seeks an award of attorney's fees based on Porter's allegedly "vexatious conduct in pursuing" this relief. ECF No. 8 at 10. However, Driveway fails to cite legal authority to support this request. As a result, the Court denies the request for fees.

### IV. CONCLUSION

For the reasons outlined above, Porter has not established that the arbitrator engaged in misconduct under § 10(a)(3), exceeded his authority under § 10(a)(4), or exhibited partiality under § 10(a)(2). Accordingly, the Court declines to vacate the arbitration award, and it will deny Porter's motion. Additionally, because the Court denies the motion to vacate on the merits, it will deny the motion to stay enforcement as moot.

An appropriate Order follows.

BY THE COURT:

MARY KAY COSTELLO
United States District Judge

7